UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MONTGOMERY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. BANK, N.A., AS TRUSTEE FOR MLM1 TRUST SERIES 2006-HE4, BANK OF AMERICA,<br><br>        Defendant. | Case No. 25-cv-03571-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 7 |

Defendants[1] move to dismiss the complaint. Dkt. No. 7. The Court finds this matter appropriate for disposition without oral argument, and it is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** Defendants' motion to dismiss.

## I.  REQUEST FOR JUDICIAL NOTICE

Defendants filed a request for judicial notice in support of their motion to dismiss. Dkt. No. 8. Plaintiffs do not oppose Defendants' request. In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit discussed the judicial notice rule and incorporation by reference doctrine. *See* 899 F.3d 988 (9th Cir. 2018). Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take

---

[1] Defendants are incorrectly identified in the caption. Defendants are Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") and U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE4 ("U.S. Bank"). Dkt. No. 7 at 10. Unless otherwise noted, all page numbers referenced herein are to the ECF page number at the top of the page.

judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (citation and quotations omitted). The Ninth Circuit has held that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id*. at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*.

Defendants request that the Court take judicial notice of several documents recorded in the Contra Costa County Recorder's Office: a Deed of Trust dated May 24, 2006, substitutions of Trustee, assignments of the Deed of Trust, and a Notice of Default. *See* Dkt. No. 8, Exs. 1–7, 10. These documents are matters of public record not generally subject to dispute, and it does not appear that Plaintiff has any objections to Defendant's request for judicial notice. *See* Dkt. No. 19. Accordingly, the Court finds that judicial notice of these exhibits is appropriate. *See, e.g.*, *Perez v. Am. Home Mortg. Servicing, Inc.*, No. C 12-00932 WHA, 2012 WL 1413300, at *2 (N.D. Cal. Apr. 23, 2012) (taking judicial notice of deed of trust, notice of default, assignment of deed of trust, and substitution of trustee, all recorded with Alameda County Recorder's Office).

Defendants also request that the Court take judicial notice of several documents related to Plaintiffs' prior lawsuits against them, as well as Plaintiffs' prior bankruptcy proceedings: case dockets downloaded from the district and bankruptcy courts' PACER websites, as well as Defendants' briefs and court orders in those cases. *See* Dkt. No. 8, Exs. 8–9, 11–16. In the preclusion context, a court may take judicial notice of the record in earlier proceedings. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir.2005). The Court takes judicial notice of the case dockets and court orders and any factual findings within them, as they comprise the record in earlier proceedings. The Court also takes judicial notice of Defendants' briefs in prior cases simply to identify the arguments made in them, but does not take judicial notice of any facts asserted there.

## II. BACKGROUND

This case arises from Defendants' foreclosure on Plaintiffs' property. In 2006, Plaintiffs obtained a loan from First NLC Financial Services, LLC to buy their home in Richmond, California. *See* Dkt. No. 8, Ex. 1. After several substitutions of trustee, Defendants ultimately

became successors in interest on the loan. *See id.*, Exs. 2–7. Plaintiffs brought an initial lawsuit against Defendants related to the foreclosure on their property, but their case was dismissed with prejudice for failure to prosecute. *Id.*, Ex. 8. Plaintiffs defaulted on the loan in February 2022. *Id.*, Ex. 10. In January 2024, Plaintiffs filed a second lawsuit against Defendants, again challenging the loan, but that case was also dismissed. *Id.*, Exs. 11, 13.

Plaintiff Ray Montgomery filed for bankruptcy in October 2024, but the court dismissed his case on December 2, 2024. *Id.*, Ex. 14. Before doing so, in November 2024, the Bankruptcy Court lifted the automatic stay under 11 U.S.C. §§ 362(d)(1), (2), and (4) in an order that was binding in any other bankruptcy proceeding concerning Plaintiffs' residence for the following two years. *Id.*, Ex. 15 at 2. Despite the court's order, Marie Montgomery initiated bankruptcy proceedings on December 20, 2024. Dkt. No. 1-1 at 8; Dkt. No. 8, Ex. 16.

In this case, Plaintiffs contend that Defendants improperly securitized the loan, engaged in deceptive and fraudulent lending practices, and falsified recorded documents, and that Ms. Montgomery's bankruptcy proceeding initiated an automatic stay that prevented foreclosure. *See generally* Dkt. No. 1-1. Nevertheless, shortly after Ms. Montgomery initiated bankruptcy proceedings, Defendants foreclosed on the property. Dkt. No. 1-1 at 8. Plaintiffs contend that the foreclosure sale must be set aside, and they seek a declaratory judgment that the Assignment of their loan, Substitution of Trustee, Notice of Default, and Notice of the Sale are void. *See generally id.*

All told, Plaintiffs have now filed three cases against Defendants to challenge the foreclosure of their property:

- *Montgomery et al. v. U.S. Bank, N.A., et al.*, Case No. 21-cv-05242-EMC ("*Montgomery I*"), filed in Contra Costa Superior Court on June 1, 2021, and removed to the Northern District of California by Defendants on July 7, 2021.
- *Montgomery et al v. U.S. Bank, N.A. et al.*, Case No. 24-cv-00557-RFL ("*Montgomery II*"), filed in the United States District Court for the Northern District of California on January 4, 2024.
- And finally, this action, ("*Montgomery III*"), filed in Contra Costa Superior Court on

3

1    March 17, 2025, and removed to the Northern District of California by Defendants on
2    April 23, 2025.  Dkt. No. 1-1.

On November 22, 2021, *Montgomery I* was dismissed with prejudice.  Case No. 21-cv-05242-EMC, Dkt. No. 26.  *Montgomery II* was also dismissed.  Case No. 24-cv-00557-RFL, Dkt. No. 20.

### III.    MOTION TO DISMISS

Defendants argue this case must likewise be dismissed under the doctrine of res judicata.  The Court agrees.  Res judicata, also known as claim preclusion, prevents parties from relitigating "any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quotations omitted).  The doctrine "serves to promote judicial efficiency by preventing multiple lawsuits and to enable the parties to rely on the finality of adjudications." *Dodd v. Hood River County*, 136 F.3d 1219, 1224–25 (9th Cir. 1998).  "Res judicata applies when there is: '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'" *Stewart*, 297 F.3d at 956.  Each element is met here.

"The central criterion in determining whether there is an identity of claims between [judgments] is whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quotations omitted).  "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (cleaned up).  The Ninth Circuit has explained that although "[a] plaintiff need not bring every possible claim," "where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

Each of Plaintiffs' cases concern the same property, and the same loan.  And in each case, Plaintiffs challenge Defendants' foreclosure on that property based on the "same set of facts," *ProShipLine*, 609 F.3d at 968, including allegations that Defendants improperly securitized the loan, engaged in deceptive and fraudulent lending practices, and falsified recorded documents.

4

1  Plaintiffs' claims here mirror those brought in *Montgomery I*, and the complaints in each case use almost identical language. In each, Plaintiffs bring claims for slander of title, equitable cancellation of assignment, violations of the California Homeowners Bill of Rights, intentional infliction of emotional distress, violations of the California Business and Professions Code, and accounting. *Compare* Dkt. No. 1-1 with *Montgomery I*, 21-cv-05242-EMC, Dkt. No. 1 (bringing all the same claims, plus one more for "reasonable reliance; detrimental reliance"). And even if Plaintiffs asserted new causes of action and legal theories they did not raise in *Montgomery I*, that would not change the Court's analysis. *See United States ex rel. Northrop Corp.* 147 F.3d 905, 909 (9th Cir. 1998). That is because "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003); *see also McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986) ("[A plaintiff] cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory.").

Plaintiffs argue that the sale of the property is void and must be set aside based on their mistaken belief that Ms. Montgomery's bankruptcy proceeding initiated a stay on foreclosure. Dkt. No. 19 at 2; Dkt. No. 1-1 at 8.[2] But judicially noticeable documents show that the stay was lifted, and that the court's order applied to any bankruptcy proceeding concerning the property for the following two years. Dkt. No. 8, Ex. 15. The record indisputably shows that there was no stay in effect when Ms. Montgomery filed for bankruptcy, related to the same property, less than two months later. The Court therefore finds that the first element of res judicata, identity of the claims, is satisfied.

---

[2] Plaintiffs did not timely file an opposition to Defendants' motion to dismiss. However, the Court directed Defendants to treat Dkt. No. 19, Plaintiffs' response to its order to show cause as an opposition. In their response, Plaintiffs argued that the foreclosure sale took place despite Ray [sic] Montgomery's subsequent bankruptcy proceeding and the automatic stay stemming from that action. Plaintiffs later filed a motion to amend their response to the order to show cause, Dkt. No. 23, correcting their argument to reflect that it was Marie Montgomery, not Ray Montgomery, who filed the subsequent bankruptcy action. Even if the Court considered Plaintiffs' amended response to the order to show cause, however, their arguments still fail. Accordingly, the Court **TERMINATES AS MOOT** Dkt. No. 23.

1     The Court finds that the second element, a final judgment on the merits, is also met here. Plaintiffs' initial action was dismissed with prejudice for failure to prosecute, *Montgomery I*, 21-cv-05242-EMC, Dkt. No. 26 ("Clerk's Notice Dismissing Plaintiff's Amended Complaint with Prejudice for Failure to Prosecute"), which constitutes a final judgment on the merits for res judicata purposes. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (treating dismissal for failure to prosecute under Rule 41(b) as an adjudication on the merits for purposes of preclusion); *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010) ("a dismissal with prejudice is the equivalent of a final judgment on the merits" even where "[t]he record before us does not indicate the reason for the dismissal").

Third, and finally, the Court finds that the parties are the same in each of Plaintiffs' cases. Defendants have therefore satisfied all three elements of res judicata.

## IV.  CONCLUSION

Because all three elements of res judicata are met, the Court **GRANTS** Defendants' motion to dismiss, Dkt. No. 7.  The dismissal is with prejudice because the deficiency is incurable. *Cf. Miller v. Wholesale America Mortgage*, No. 17-cv-05495-LB, 2018 WL 306714 (N.D. Cal. Jan. 5, 2018) (dismissing complaint that was barred by res judicata with prejudice because amendment would be futile).  The Court also **TERMINATES AS MOOT** Plaintiffs' motion for leave to amend their response to the order to show cause, Dkt. No. 23.  The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated:  December 1, 2025

HAYWOOD S. GILLIAM, JR.
United States District Judge